EXCELSIOR TERRA COTTA CO. v. HARDE et al.

(Supreme Court, Appellate Division, First Department.  January 24, 1902.)

1. BILL OF PARTICULARS—REPETITION—UNNECESSARY DETAIL.
   In a suit to foreclose a mechanic's lien for terra cotta work, where defendants counterclaimed for defective work, and the first paragraph of the bill of particulars required them to state "in what respect the terra cotta was not made to the satisfaction of defendants," a second paragraph, demanding what portions of the terra cotta, "specifying their location in the building," were not according to plans, etc., should be stricken out as unnecessary repetition, and requiring unnecessary detail.

2. SAME—RIGHT TO PARTICULARS—KNOWLEDGE OF PARTIES.
   Where defendants counterclaimed for $15,000 loss of rent owing to plaintiff's delay in completing the work, over twice the amount of plaintiff's claims, plaintiff was entitled to a bill of particulars, the subject-matter being more peculiarly within defendants' knowledge.

3. SAME—SUFFICIENCY.
   Where defendants counterclaimed for a loss resulting from the cancellation of contracts with masons, made necessary by plaintiff's delay, it was not necessary that they specify the names and addresses of the masons in their bill of particulars, but only what contracts they were obliged to cancel.

4. SAME.
   A bill of particulars of defendants' counterclaim for extra compensation paid employés necessarily retained because of plaintiff's delay need specify only the number of employés, the length of the aggregate employment, and the aggregate compensation paid.

Appeal from special term, New York county.

Action by the Excelsior Terra Cotta Company against Dudley S. Harde and another.  From an order requiring a bill of particulars of defendants' counterclaim, defendants appeal.  Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Nathan Ottinger, for appellants.
Charles C. Miller, for respondent.

PER CURIAM.  The action was brought to foreclose a mechanic's lien upon the defendants' premises for which the plaintiff had furnished terra cotta work.  The answer denied that he had properly performed the contract, and, by way of counterclaim, averred that much of the terra cotta work was not of the proper kind or quality, to the defendants' damage $1,500; that it was not supplied within the time required, and the building was therefore delayed until after the renting season, the resulting loss to the defendants being $15,000; that by reason of such delay they were obliged to cancel contracts with masons, and themselves complete the work, at an extra cost of $1,800; and that they were obliged to retain superintendents, watchmen, and other employés, and "were otherwise further damaged in the sum of $1,900."  The plaintiff asked for a bill of particulars of the counterclaim, and the court, with some slight modifications, granted it as requested, and from the order so entered the defendants appeal.

The first paragraph of the bill of particulars refers to the al-

leged defects in the terra cotta, and requires that the defendants state "in what respects the terra cotta　＊　＊　＊　was not made to the satisfaction of defendants or their architects." The second paragraph, with its subdivisions, relates to the same subject, and, with more detail, demands what portions of the terra cotta, "specifying their location in the building," were not according to the plans, and wherein the terra cotta was of inferior quality and workmanship. We think the second paragraph, with its subdivisions, should be stricken out. It is in its nature a repetition of the first paragraph, and unnecessary detail is called for. The subject is one of which the plaintiff already has knowledge, since he furnished the material, and to the extent that he is prepared to maintain his action, wherein he alleges proper performance of the contract, he is prepared to meet the counterclaim. We think, therefore, that, so far as it is necessary to properly set forth the counterclaim, the first paragraph, which requires that the defendants state generally in what respects the terra cotta was unsatisfactory, is sufficient.

The two following paragraphs of the bill of particulars refer to alleged loss of rents arising from delay on the part of the plaintiff. The claim of $15,000 is large, and is over twice the amount for which the action is brought, and the plaintiff is entitled to ample information, the subject being more peculiarly within the defendants' knowledge. These paragraphs, therefore, should stand, with the exception that subdivisions "e" and "f" of the paragraph numbered 5, requiring the dates of applications for apartments and the items claimed as loss of rents should be stricken out; for the subject is sufficiently covered by the subdivisions "a," "b," and "c" of this paragraph.

With respect to the paragraph numbered 6, which relates to the alleged loss because of the cancellation of contracts with masons, we think it is not necessary that the names and addresses of the masons referred to be given; it being sufficient if instead the defendants specify what contracts they were obliged to cancel. So, too, in paragraph 7, with regard to the names and addresses of the persons alleged to have been paid for extra work owing to the delay in the work, we think it is sufficient that the defendants state the number of superintendents, watchmen, and other employés, the length of the aggregate employment, and the aggregate amount of compensation paid.

Finally, we think that the paragraph numbered 9, calling for items making up the alleged loss of $1,900, should be omitted, as it is covered by paragraphs 7 and 8.

As modified in the respects indicated, the order allowing the bill of particulars should be affirmed, without costs.